**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4538**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

ALLEN WENDELL MCNEIL,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00436-D-1)

Submitted:  October 28, 2020             Decided:  November 10, 2020

Before GREGORY, Chief Judge, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Wendell McNeil entered guilty pleas to possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); and possession of a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 3). The district court sentenced McNeil to concurrent terms of 54 months on Counts 1 and 3 and imposed on Count 2 the mandatory minimum of five years, to be served consecutively, for a total term of incarceration of 114 months. On appeal, McNeil challenges the substantive reasonableness of his sentence. We affirm.

We review a criminal sentence imposed by a district court for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence.[*] *Id.* at 51. If the district court did not procedurally err, we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review takes into account "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, No. 20-5026, 2020 WL

---

[*] We must review the procedural reasonableness of a sentence before considering its substantive reasonableness, even when the parties do not raise a procedural challenge. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). The record discloses that the sentence is procedurally reasonable.

5883437 (U.S. Oct. 5, 2020). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

McNeil contends that the district court did not adequately take into account his difficult upbringing and the length of his prior sentences for his state convictions, and he asserts that a sentence below the Sentencing Guidelines range would have "been sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). McNeil's arguments amount to a disagreement with the weight the district court gave each of the § 3553(a) factors. We have reviewed the record and conclude that the district court did not abuse its discretion in balancing the § 3553(a) factors or in arriving at the chosen sentence. McNeil has failed to overcome the presumption of reasonableness.

Accordingly, we affirm the criminal judgment. We deny McNeil's motion to file a pro se supplemental brief. *See United States v. Penniegraft*, 641 F.3d 566, 569 n.1 (4th Cir. 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3