**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4116**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATHEW RYAN BYRD,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cr-00080-1)

Submitted:  December 31, 2020                    Decided:  January 7, 2021

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Patrick A. Mullin, THE LAW OFFICES OF PATRICK A. MULLIN, New York, New York, for Appellant.  Michael B. Stuart, United States Attorney, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mathew Ryan Byrd appeals his conviction and sentence at the bottom of his Guidelines range after pleading guilty to distribution of heroin in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, i.e., possession with intent to distribute heroin, in violation of 18 U.S.C. § 924(c)(1)(A). On appeal, he argues his counsel was ineffective in advising him to plead guilty to the firearm count; the district court unreasonably denied his request for a downward variance; and it abused its discretion in denying his motion for a presentence mental evaluation. We affirm.

Byrd first seeks to claim that his trial counsel was ineffective in advising him to plead guilty to the firearm count. We will not consider a claim of ineffective assistance on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020). Because the record in this case does not conclusively show ineffective assistance, we decline to consider this claim.

Byrd next challenges the district court's denial of his request for a below-Guidelines range sentence. "This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from

2

the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation omitted).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks and citations omitted). "Specifically, a district court's explanation should provide some indication [] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (internal quotation marks and citations omitted). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, this Court "look[s] at the full context" of those statements when evaluating them. *Id*. at 213.

"When considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh,* 951 F.3d at 176 (citation omitted); *see also Gall*, 552 U.S. at 59-60 (appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). "Applying this standard, we may 'reverse a sentence only if it is unreasonable, even if the sentence would not have been

3

the choice of the appellate court.'" *United States v. McCain*, 974 F.3d 506, 518 (4th Cir. 2020) (citations omitted). On appeal, we presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Zelaya,* 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted). A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In the district court, Byrd acknowledged that the district court could not vary below the statutory mandatory minimum on the firearm count but asked for a downward variance on the heroin distribution count. He argued that a variance was warranted because his prior conviction for drug distribution did not occur until after he was injured in an automobile accident and became addicted to drugs; his other prior conviction was almost too old to be counted; and although he possessed a firearm in furtherance of a drug trafficking crime, i.e., possession with intent to distribute heroin, there was no evidence that he carried the firearm when he distributed heroin. The district court considered Byrd's arguments for a downward variance but concluded that it was not appropriate in this case.

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Byrd; and his sentence is both procedurally and substantively reasonable. The district court conducted an individualized assessment of the facts and arguments presented, considered the § 3553(a) factors and Byrd's arguments for a lower sentence, and adequately explained its sentencing decision. Moreover, Byrd fails to rebut the presumption that his sentence is substantively reasonable.

Finally, Byrd challenges the district court's denial of his motion for a presentence mental evaluation. We review a district court's failure to conduct a competency hearing or evaluation for abuse of discretion. *United States v. Torrez*, 869 F.3d 291, 321 (4th Cir. 2017) (citing *United States v. Mason*, 52 F.3d 1286, 1289 (4th Cir. 1995)). At any time prior to sentencing, a district court must conduct a competency hearing "'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him.'" *Id.* at 322 (quoting 18 U.S.C. § 4241(a)) (other citation omitted). The district court may also order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(b). Here, Byrd did not claim incompetency but moved for an evaluation to aid sentencing. We have reviewed the record and conclude the district court did not abuse its discretion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*