**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4325**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE MARSHALL LOCKHART, a/k/a G-Ride, a/k/a G-Rod, a/k/a Real,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:19-cr-00201-1)

Submitted: January 27, 2021                         Decided: February 5, 2021

Before MOTZ, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Charleston, West Virginia, Stephanie S. Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Marshall Lockhart pleaded guilty to conspiracy to distribute heroin and fentanyl, in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, Lockhart requested a downward variance, which the district court denied. The district court sentenced him to 96 months in prison, a sentence within the Sentencing Guidelines range established by the court. On appeal, Lockhart challenges the reasonableness of his sentence. We affirm.

This court reviews a criminal sentence imposed by a district court for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If there is no procedural error, we then assess the substantive reasonableness of the sentence. *Id.* at 51. Substantive reasonableness review considers "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 383 (2020). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the

2

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 20, 2020).

While Lockhart makes no more than a conclusory allegation that the district court committed procedural error, we have reviewed the record and conclude that the sentence is procedurally sound. *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019) (holding that "we review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable"). Lockhart contends that his sentence is substantively unreasonable, but his assertions amount to a disagreement with the weight the district court gave each of the § 3553(a) factors. Lockhart has failed to overcome the presumption of reasonableness afforded to a sentence within the properly calculated Guidelines range.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*