**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4030**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JUSTIN LEE STALLINGS, a/k/a Jaquaveontae-Benjamin Muhammad Randolph King,

          Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:17-cr-00008-NKM-JCH-1)

Submitted:  January 29, 2021          Decided:  February 17, 2021

Before WILKINSON, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Linda G. Willis, Bedford, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Justin Lee Stallings was convicted of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); six counts of substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); six counts of using and brandishing a firearm during and in relation to a crime of violence, to wit, the Hobbs Act robberies, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Stallings to a within-Guidelines sentence of 655 months' imprisonment. Stallings challenges the sufficiency of the evidence against him and the reasonableness of his sentence. Finding no error, we affirm.

In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, we must "assume that the jury resolved any conflicting evidence in the prosecution's favor," and we may not evaluate witness credibility. *Savage*, 885 F.3d at 219. The government is given the "benefit of all reasonable inferences from the facts proven to those sought to be established." *Id*. at 219-20 (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined

to cases where the prosecution's failure is clear." *Id*. at 219 (internal quotation marks omitted).

Following the Government's presentation of evidence at trial, Stallings moved for acquittal on the conspiracy charge pursuant to Fed. R. Crim. P. 29. The district court denied Stallings' motion. On appeal, Stallings challenges the district court's ruling and also seeks to challenge the sufficiency of the evidence establishing his identity as the perpetrator of the Hobbs Act robberies.

Challenges to the sufficiency of evidence, when properly preserved, and denials of Fed. R. Crim. P. 29 motions for judgment of acquittal are reviewed de novo. *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). However, when a motion for a judgment of acquittal is not made, a sufficiency of the evidence claim is reviewed for plain error. *United States v. Wallace*, 515 F.3d 327, 331 (4th Cir. 2008). To prove that the jury's verdict constituted plain error, a defendant must show that there was an error, "that the error is clear and obvious, and . . . that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014) (internal quotation marks omitted). If the defendant meets this burden, we "retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

To convict a defendant of conspiracy to commit Hobbs Act robbery, "the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act." *United States v. Simms*, 914 F.3d 229, 233–

3

34 (4th Cir. 2019) (en banc). "By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). As a result, "a conspiracy may be proved wholly by circumstantial evidence." *Id*. at 858.

We have reviewed de novo the district court's denial of Stallings' Rule 29 motion for acquittal of the conspiracy charge and find no error. Viewing the evidence in the light most favorable to the Government, we find that the jury could reasonably have concluded from Stallings' coconspirator's testimony that Stallings had entered into an agreement to commit Hobbs Act robbery. Accordingly, we conclude that the district court did not err in denying Stallings' motion.

As for Stallings' challenge to the sufficiency of the evidence establishing his identity as the armed robber in the substantive Hobbs Act offenses and related firearm offenses, we have thoroughly reviewed the record and conclude that Stallings fails to demonstrate plain error. Stallings' coconspirator specifically identified Stallings as the armed robber in two robberies, and various similarities in the robber's clothing and modus operandi, combined with items recovered from Stallings' home and car and information extracted from Stallings' cell phone, provide sufficient evidence upon which the jury could reasonably conclude that Stallings committed all of the charged offenses.

Turning to Stallings' challenge to his sentence, we "'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the

4

district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). If we find no significant procedural error, we will then consider the substantive reasonableness of the sentence imposed. *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.), *cert. denied*, 141 S. Ct. 382 (2020).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 2020 WL 6385951 (U.S. Nov. 2, 2020). "Specifically, a district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (brackets, citations, and internal quotation marks omitted). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, we "look at the full context" of those statements when evaluating them. *Id*. at 213.

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh*, 951 F.3d at 176 (internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (appellate court must give "due deference" to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). "Applying this standard, we may reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. McCain*, 974 F.3d 506, 518 (4th Cir. 2020) (internal quotation marks omitted). On appeal, this Court presumes that a sentence within the Sentencing Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted). A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Stallings argues on appeal that the district court erred when it failed to deviate downward from the Sentencing Guidelines range. We have reviewed the record and conclude that Stallings' sentence is both procedurally and substantively reasonable. The district court conducted an individualized assessment of the facts and arguments presented, considered and applied the appropriate § 3553(a) factors, considered Stallings' arguments for a lower sentence, and adequately explained the sentence. Stallings fails to rebut the presumption that his sentence at the bottom of his Guidelines range is substantively reasonable. Based on the totality of the circumstances, we give "due deference" to the

district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60).

Accordingly, we affirm the district court's amended criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*