**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4241**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LINWOOD EARL STEPHENS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cr-00200-LCB-1)

_____

Submitted:  February 24, 2021                     Decided:  March 4, 2021

_____

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Margaret M. Reece, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Earl Stephens appeals the 198-month armed career criminal sentence imposed by the district court after he pled guilty to knowingly possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). On appeal, Stephens contends that his sentence is procedurally and substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* "If the Court finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (alterations and internal quotation marks omitted), *cert. denied*, 141 S. Ct. 382 (2020); *see also United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) ("[W]e review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable.").

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."

2

*Arbaugh*, 951 F.3d at 176 (alteration and internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (recognizing that appellate court must give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 419 (2020).

Stephens argues that his sentence is procedurally unreasonable because the district court made an erroneous finding of fact in its decision to deny his request for a downward departure. "We are unable, however, to review a sentencing court's decision not to depart unless the court mistakenly believed that it lacked the authority to do so." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Here, as in *Louthian*, the district court considered Stephens' request for a downward departure but concluded that none was appropriate. "Because the court understood its authority, but declined to exercise it on the facts of this case," *id.*, Stephens cannot contest the district court's decision not to depart downward. Stephens' sentence is otherwise procedurally reasonable.

Next, Stephens argues that his sentence is substantively unreasonable because the district court failed to adequately consider his mental health in analyzing the § 3553(a) factors. However, Stephens fails to rebut the presumption that his within-Guidelines-range

sentence is reasonable, and we "defer[] to the [d]istrict [c]ourt's reasoned . . . decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*