**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4189**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIUS SAMUEL KING, a/k/a Meat,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00268-FL-2)

Submitted: December 13, 2021                    Decided: January 4, 2022

Before WYNN, Circuit Judge, and TRAXLER and FLOYD, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lewis A. Thompson, III, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Samuel King pleaded guilty to two counts of possession of a firearm by a convicted felon and aiding and abetting, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2). On appeal, King contends his sentence is substantively unreasonable. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If [we] find no significant procedural error, [we] then consider the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (cleaned up), *cert. denied*, 141 S. Ct. 382 (2020). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). Moreover, we presume that a sentence within or below a defendant's advisory Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). This "presumption can only be rebutted by showing that the sentence is

2

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1431 (2021).

King argues that his sentence is unreasonable because the district court failed to address his arguments in support of a lower sentence or make an individualized assessment before imposing his sentence. After reviewing the record, we conclude the district court adequately explained its decision to impose a 61-month sentence. Furthermore, while the district court did not explicitly address King's family circumstances before pronouncing its sentence, after our review of the record we are confident that the district court considered and rejected King's arguments for a lower sentence. King further argues the sentence is substantively unreasonable because it is greater than necessary to achieve the goals articulated in 18 U.S.C. § 3553(a). We conclude, however, that King has failed to rebut the presumption of reasonableness attached to his within-Guidelines sentence.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*