**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4345**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY ERIC MITCHELL,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:19-cr-00101-AJT-1)

Submitted:  February 25, 2022                Decided:  March 11, 2022

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Christopher R. Clifton, Michael A. Grace, Greer B. Taylor, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Raj Parekh, Acting United States Attorney, Jamar K. Walker, Assistant United States Attorney, Russell L. Carlberg, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Eric Mitchell appeals his convictions and sentence for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and two counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343. The district court sentenced him to 76 months' imprisonment. On appeal, Mitchell argues that the district court erred in denying his second motion for a continuance and in applying sentencing enhancements for sophisticated means and abuse of trust. Mitchell further contends that the application of the abuse-of-trust enhancement resulted in double counting. We affirm.

"We review the denial of a motion for a continuance for abuse of discretion." *United States v. Bennett*, 986 F.3d 389, 396 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 595 (2021). "A district court abuses its discretion when its denial of a motion for continuance is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* (internal quotation marks omitted). Even where this discretion has been abused, "the defendant must show that the error specifically prejudiced his case in order to prevail" on appeal. *United States v. Muslim*, 944 F.3d 154, 160 (4th Cir. 2019) (cleaned up).

The district court's denial of Mitchell's second motion for a continuance was not "unreasoning and arbitrary." *Bennett*, 986 F.3d at 396. Mitchell requested the additional continuance based on the need to subpoena witnesses from abroad. The court held a hearing and allowed Mitchell to submit ex parte, in camera evidence regarding the anticipated testimony of the proffered witnesses. However, at the hearing, the court determined that the witnesses' expected testimony was not relevant to any element of the

offenses. In addition, Mitchell failed to establish that he was specifically prejudiced by the denial of the motion. Accordingly, we conclude that the district court did not abuse its discretion in denying the second motion for a continuance.

Next, Mitchell challenges the sentencing enhancement for use of sophisticated means. Because he objected in the district court, we review this issue for clear error. *United States v. White*, 850 F.3d 667, 675 (4th Cir. 2017). "A clear error occurs where we are left with a firm and definite conviction that a mistake has been committed." *United States v. Adepoju*, 756 F.3d 250, 258 (4th Cir. 2014). "[A] sentencing court must increase the offense level by two levels if 'the offense otherwise involved sophisticated means.'" *United States v. Wolf*, 860 F.3d 175, 199 (4th Cir. 2017) (quoting U.S. Sentencing Guidelines Manual § 2B1.1(b)(10)(C) (2018)). "'Sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." USSG § 2B1.1 cmt. n.9(B) (providing examples "such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts").

"The enhancement applies where the entirety of a scheme constitutes sophisticated means, even if every individual action is not sophisticated." *Adepoju*, 756 F.3d at 257; *see United States v. Savage*, 885 F.3d 212, 228-29 (4th Cir. 2018) (same). "A sentencing court should consider the cumulative impact of the criminal conduct, for the total scheme may be sophisticated in the way all the steps were linked together." *United States v. Jinwright*, 683 F.3d 471, 486 (4th Cir. 2012) (internal quotation marks omitted). "The enhancement requires some means of execution that separates the offense before us from the ordinary or

3

generic." *Wolf*, 860 F.3d at 199 (cleaned up); *see also Savage*, 885 F.3d at 228 (same); *Adeopoju*, 756 F.3d at 257 (stating that "fraud per se is inadequate for demonstrating the complexity required for [the] enhancement"). Here, the district court did not clearly err in finding the use of sophisticated means. The court noted several ways the offenses were more sophisticated than fraud per se and the "total scheme" was "sophisticated in the way all the steps were linked together." *Jinwright*, 683 F.3d at 486.

Mitchell also challenges the district court's application of an abuse-of-trust enhancement under USSG § 3B1.3. "We . . . review de novo the district court's legal conclusion regarding the application of an abuse-of-trust enhancement, whereas we review the court's accompanying factual findings only for clear error." *United States v. Brack*, 651 F.3d 388, 392 (4th Cir. 2011). A two-level enhancement applies "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3; *see United States v. Barringer*, ___ F.4th ___, ___, No. 20-4584, 2022 WL 301854, at *10 (4th Cir. Feb. 2, 2022) (outlining factors courts consider in making such determination). "The analysis is assessed from the victim's point of view . . . ." *Id.*

Mitchell contends that there was no trust relationship between himself and his victims. We disagree. Mitchell clearly was placed in a position of trust by a victim because Mitchell was one of only two principals in the company, was responsible for managing the victim's life savings, and assured the victim that the investment was guaranteed. Mitchell also admitted he felt he was a fiduciary in the relationship, and he exercised a "substantial

4

degree of trust." *United States v. Gordon*, 61 F.3d 263, 269 (4th Cir. 1995). Therefore, we conclude that the district court did not err applying the abuse-of-trust enhancement.

Finally, Mitchell argues that the application of the abuse-of-trust enhancement resulted in double counting. Double counting occurs "when the conduct giving rise to the enhancement is identical to the conduct giving rise to the underlying conviction." *United States v. Hughes*, 401 F.3d 540, 558 (4th Cir. 2005); *see Barringer*, 2022 WL 301854, at *13-14. Alternatively, "double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." *United States v. Arbaugh*, 951 F.3d 167, 173 (4th Cir. 2020) (internal quotation marks omitted). Because the conduct giving rise to the enhancement was distinct from the conduct giving rise to the convictions, and separate conduct formed the bases for the enhancements for sophisticated means and abuse of trust, Mitchell fails to make the requisite showing.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*