**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4663**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL LEE DONALDSON, JR.,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:19-cr-00036-TSK-MJA-1)

───────────────

Submitted:  August 23, 2022                Decided:  August 25, 2022

───────────────

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF**:  Hilary L. Godwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Christopher L. Bauer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Lee Donaldson, Jr., was convicted by a jury of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), (9), 924(a)(2). The district court sentenced him to 98 months' imprisonment. On appeal, Donaldson argues that the within-Guidelines sentence is unreasonable because the district court placed undue emphasis on certain factors when fashioning the sentence and failed to adequately explain its rejection of his mitigating arguments. We affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). When reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). Such errors include "treating the [advisory Sentencing] Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "If [we] find no significant procedural error, [we] then consider the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). A within-Guidelines sentence is presumptively reasonable.

*United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022), *petition for cert. filed*, No. 21-8089 (U.S. June 8, 2022).

A district court risks abusing its discretion when it "focuse[s] extensively on a single factor . . . at the expense of a reasoned analysis of other pertinent factors." *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014). However, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). Thus, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the chosen sentence. *Id.* (internal quotation marks omitted).

After reviewing the record, we conclude that the 98-month sentence is reasonable. The district court considered Donaldson's arguments in support of a downward variance, balanced those arguments against the § 3553(a) factors, and adequately explained the chosen sentence. Although the district court weighed the factors differently than Donaldson would have liked, it was well within its discretion to do so, and Donaldson has not rebutted the presumption that the within-Guidelines sentence the court imposed is reasonable.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3