**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4109

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON DEMARCUS HEMPHILL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00332-RJC-DSC-1)

Submitted:  January 4, 2023                          Decided:  February 1, 2023

Before NIEMEYER and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mekka Jeffers-Nelson, LAW OFFICE OF MEKKA JEFFERS-NELSON, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Demarcus Hemphill pled guilty, without the benefit of a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court sentenced Hemphill to 104 months' imprisonment.  On appeal, Hemphill contends that the district court improperly delayed the sentencing hearing for 30 minutes and clearly erred in applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 3C1.2 (2018) for reckless endangerment during flight. We affirm.

Hemphill's sentencing hearing was scheduled for February 1, 2022, at 2:00 p.m.  In his appellate brief, Hemphill states that, at the time the hearing was supposed to commence, the Government informed the court that its witness, Charlotte-Mecklenburg Police Department Officer Christopher Todd Martin, had not arrived.  According to Hemphill, despite the Government stating that the sentencing hearing could proceed without Martin, the court improperly delayed the hearing until Martin's arrival at 2:30 p.m.  Hemphill argues that the district court abused its discretion by improperly delaying the hearing for a witness the Government informed the court it did not need.

Because Hemphill did not preserve the issue for appeal by raising in the district court his challenge to the delay, our review is for plain error. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015).  "Establishing plain error requires a defendant to demonstrate (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gillespie*, 27 F.4th 934, 940 (4th Cir.) (internal

2

quotation marks omitted), *cert. denied*, 143 S. Ct. 164 (2022).  We conclude that Hemphill fails to meet this standard.

First, Hemphill's claims are unsubstantiated as he fails to cite to anything in the record on appeal supporting his contentions that there was a 30-minute delay or the reason for the delay.  Second, assuming arguendo that the district court sua sponte delayed the hearing for 30 minutes to allow for a witness' arrival, this brief delay was well within the district court's discretion.  *See United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) (stating that "district courts have wide-ranging control over management of their dockets" and that "[t]he scope of the district court's discretion . . . is and must be particularly broad"). We discern no error, plain or otherwise, in any such delay.

Turning to Hemphill's challenge to the two-level enhancement under USSG § 3C1.2, we "review all sentences . . . under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  "A sentence based on an improperly calculated [Sentencing] Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted).  "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

3

Section 3C1.2 prescribes a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. Conduct is "reckless" when the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2. "At sentencing, the Government had to show by a preponderance of the evidence that the [§ 3C1.2] enhancement applied." *United States v. Arbaugh*, 951 F.3d 167, 173 (4th Cir. 2020).

We conclude that the district court did not clearly err in finding that the Government met its burden of establishing by a preponderance of the evidence that Hemphill shifted his vehicle into gear and stepped on the gas pedal in the course of fleeing from law enforcement during a traffic stop and, in so doing, created a substantial risk of death or serious injury to others. In reaching this decision, the district court relied on the video footage of the incident from another officer's body camera and credited Officer Martin's testimony. The court acknowledged Hemphill's expressed reluctance to comply with the officers' repeated requests to exit his vehicle due to fear because it was nighttime and he was a black male surrounded by police officers. However, the court also found that Hemphill had motive to flee because he was a convicted felon with a gun in his car and he was prohibited from possessing a firearm; additionally, the court reasonably inferred that Hemphill knew there was an ongoing investigation into recent shootings into occupied buildings "and that he did not like the direction the police investigation was going in." Hemphill's arguments that

4

the court's factual findings are not consistent with the evidence presented at the sentencing hearing are without merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*