**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4505**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS EDWIN SMITH, JR.,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00195-WO-1)

─────────────

Submitted:  May 18, 2023                          Decided:  May 22, 2023

─────────────

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  John D. Bryson, WYATT EARLY HARRIS WHEELER, LLP, High Point, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Edwin Smith, Jr., pled guilty, pursuant to a written plea agreement, to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a within-Guidelines sentence of 105 months' imprisonment. On appeal, Smith argues that the district court imposed a procedurally unreasonable sentence because the court failed to properly consider Smith's adverse childhood experiences in fashioning his sentence. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. *United States v. McCain*, 974 F.3d 506, 515 (4th. Cir. 2020) (internal quotation marks omitted).

To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). A "district court[ ] need not robotically tick through § 3553(a)'s every subsection." *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (internal quotation marks omitted). The sentencing explanation need not be extensive, but it must

demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

On appeal, Smith argues that his sentence is procedurally unreasonable because the district court failed to consider Smith's adverse childhood experiences as an independent mitigating sentencing factor under § 3553(a).[*]  However, the district court considered Smith's adverse childhood experiences under § 3553(a)(1) as part of the "history and characteristics of the defendant."  The district court ultimately concluded that while Smith's attorney had articulated good points concerning Smith's adverse childhood experiences, other aspects of Smith's background and the underlying offense were more persuasive in informing Smith's sentence.  We conclude that Smith's sentence is procedurally reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Smith does not lodge a separate substantive reasonableness challenge on appeal.