**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4336

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMEL AHMAD HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:22-cr-00126-LCB-1)

Submitted:  June 3, 2024                         Decided:  June 21, 2024

Before WILKINSON and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ramel Harris appeals the 42-month sentence the district court imposed following Harris's guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Harris contends that the district court erroneously applied a two-level enhancement for reckless endangerment during flight pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 (2023). Finding no error, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id*. at 49-51. "A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

2

A defendant who "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer" is subject to a two-level enhancement in offense level. USSG § 3C1.2. Conduct is "reckless" when the defendant "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2. This "Guideline is based on the risk created by the defendant's conduct and does not require that his conduct actually caused physical harm." *United States v. Dennings*, 922 F.3d 232, 236 (4th Cir. 2019) (emphasis omitted) (internal quotation marks omitted). "At sentencing, the Government had to show by a preponderance of the evidence that the [§ 3C1.2] enhancement applied." *United States v. Arbaugh*, 951 F.3d 167, 173 (4th Cir. 2020).

The district court did not clearly err in finding that the Government met its burden of establishing by a preponderance of the evidence that Harris created a substantial risk of death or serious injury to others in the course of fleeing from law enforcement. In reaching this decision, the district court credited the testimony of an officer involved in the arrest and also relied on police body camera footage. Additionally, the court noted the circumstances surrounding Harris' flight from police—officers were responding to a 911 call where a potential domestic violence situation was occurring with a firearm present. Harris intentionally fled from law enforcement while armed with a loaded weapon, repeatedly ignored commands to stop and show his hands, and then struggled with officers in close quarters when he dove under the porch of a residence to avoid arrest. Furthermore,

3

in addition to police officers, other residents of the neighborhood were in the vicinity at the time of Harris's flight and were in danger of being harmed.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*