**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4416**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TED CANNON, a/k/a Bam,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00434-M-7)

———————

Submitted:  May 22, 2025                          Decided:  May 27, 2025

———————

Before KING, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Joseph B. Gilbert, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ted Cannon pled guilty to conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a), (b)(1)(A).  The district court sentenced him to 360 months' imprisonment.  On appeal Cannon argues that his sentence, which is at the lowest end of the Sentencing Guidelines range, is unreasonable because the district court did not explicitly address Cannon's motion for a downward variant sentence and failed to adequately explain the sentence.  We affirm.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).  When reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).  Such errors include "treating the [advisory] Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553[c](a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).  "If the [c]ourt find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted).  We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in

2

§ 3553(a)." *Id.* at 176 (internal quotation marks omitted). A within-Guidelines sentence is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022).

A district court risks abusing its discretion when it "focuse[s] extensively on a single factor . . . at the expense of a reasoned analysis of other pertinent factors." *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014). However, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). Thus, "we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the chosen sentence. *Id.* (internal quotation marks omitted).

After reviewing the record, we conclude that the 360-month sentence is reasonable. The sentence imposed by the district court is procedurally reasonable because the court considered Cannon's arguments in support of a downward variance, balanced those arguments against the § 3553(a) factors, and adequately explained the chosen sentence. Cannon has not rebutted the presumption that the within-Guidelines sentence the court imposed is also substantively reasonable.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3