**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4686**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DON EUGENE NIXON, JR., a/k/a Storm, a/k/a Red, a/k/a Red Storm, a/k/a Big Red,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:21-cr-00071-D-1)

───────────

Submitted: April 3, 2026                   Decided: April 16, 2026

───────────

Before QUATTLEBAUM and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Christopher M. Young, YOUNG LAW FIRM, PLLC, Washington, D.C., for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Don Nixon, Jr., of conspiracy to distribute and possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846; six counts of distribution of heroin, fentanyl, and cocaine, in violation of § 841(a); and possession with intent to distribute heroin, in violation of § 841(a). The district court sentenced Nixon below his advisory Sentencing Guidelines range to 720 months' imprisonment. Nixon appeals, arguing that the district court erred during voir dire by failing to ask potential jurors a question about bias based on gang affiliation and that his sentence is procedurally and substantively unreasonable. For the following reasons, we affirm.

Under the Sixth Amendment, a criminal defendant has the right to trial by an impartial jury. A district court therefore must exclude those prospective jurors "who cannot be impartial," meaning those jurors who cannot "lay aside [their] opinion[s] and render a verdict based on the evidence presented in court." *United States v. Turner*, 389 F.3d 111, 117 (4th Cir. 2004) (internal quotation marks omitted). "Yet the Constitution does not dictate the necessary depth or breadth of questions" a district court must ask prospective jurors to assess impartiality. *United States v. Bowman*, 106 F.4th 293, 302 (4th Cir. 2024) (internal quotation marks omitted). Indeed, "district courts have broad discretion to determine what questioning is sufficient," with the exception of questions about racial prejudice in a case "where racial issues are inextricably bound up with the conduct of a trial and the defendant has requested such questioning." *Id.* at 303 (internal quotation marks omitted).

However, "a specific objection or request during the *voir dire* process is required to preserve the objection for appeal," and a list of proposed questions supplied to the court,

2

without more, will not suffice. *United States v. LaRouche*, 896 F.2d 815, 829 (4th Cir. 1990). Unpreserved arguments are reviewed for plain error, and "[s]atisfying that standard requires: (1) an error; (2) that is clear or obvious under the law at the time of review; (3) that seriously affects the defendant's substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Watkins*, 111 F.4th 300, 311 (4th Cir. 2024).

While Nixon submitted a proposed voir dire question about gang affiliation to the court, he did not object to the court's failure to ask the question; we therefore review this challenge for plain error. Because Nixon's gang affiliation was not inextricably bound up with the charges or evidence against him, *see Bowman*, 106 F.4th at 303, and the court otherwise thoroughly questioned potential jurors, we find that the district court did not plainly err by failing to ask Nixon's proposed gang affiliation question.

Nixon next argues that his sentence is procedurally unreasonable because the district court erred in calculating the drug weight attributable to him. We review a criminal sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we first consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

At sentencing, Nixon argued that the drug weight attributed to him in the presentence report, other than what was introduced at trial, was too high because the probation officer relied on the statements of cooperating defendants and sources whose testimony, Nixon

3

claimed, was unreliable.  Nevertheless, after reviewing the cooperators' statements, crediting the testimony of the lead investigator in the case, and considering the evidence presented at trial, the district court found by a preponderance of the evidence the drug weight attributable to Nixon.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error."  *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted).  Under that standard, "we will reverse the district court's finding only if we are left with the definite and firm conviction that a mistake has been committed."  *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted).  Where, as here, a district court must determine the amount of drugs attributable to a defendant without the benefit of a drug seizure, "the court shall approximate the quantity of the controlled substance."  U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5 (2025); *accord Williamson*, 953 F.3d at 273.  In doing so, "the court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy."  *Williamson*, 953 F.3d at 273 (internal quotation marks omitted).  Based on our review of the record, we are satisfied that the court reasonably approximated the drug weight based on the cooperators' statements and the investigators' efforts to corroborate those statements.  Accordingly, we find that the district court did not clearly err in calculating the drug weight attributable to Nixon.

Finally, Nixon contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a).  If a

4

sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. "When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable," and that presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that the district court thoroughly addressed the § 3553(a) factors and explained its reasoning for the necessity of imposing Nixon's below-Guidelines sentence. Nixon fails to overcome the presumption of reasonableness afforded to that sentence.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5