**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4715

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE THOMAS STEEN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:20-cr-00303-LCB-1)

Submitted:  July 26, 2022                                     Decided:  July 28, 2022

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  Louis C. Allen, Federal Public Defender, Tiffany T. McGregor, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Ashley E. Waid, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Thomas Steen, Jr., pleaded guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Steen to 24 months' imprisonment. On appeal, Steen argues that his sentence is substantively unreasonable. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted). A within-Guidelines sentence is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022), *petition for cert. filed*, No. 21-8089 (U.S. June 8, 2022). A defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 595 (2021). Upon review of the record, we conclude that Steen has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*