**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4348

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARKIO QUINSHAUN INGRAM, a/k/a Block,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:19-cr-00984-CMC-1)

Submitted:  July 28, 2022                                   Decided:  August 9, 2022

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF**: Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Benjamin Neale Garner, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demarkio Quinshaun Ingram pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. The district court sentenced Ingram to 360 months' imprisonment. On appeal, Ingram's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning whether Ingram's guilty plea is valid and whether Ingram's within-Guidelines sentence is reasonable. In a pro se brief, Ingram argues that the district court clearly erred when calculating the drug weight used to calculate his advisory Sentencing Guidelines range; his guilty plea is invalid because the plea was not supported by a sufficient factual basis and because of an error in the indictment; the Government breached the plea agreement; the Government engaged in misconduct at sentencing; and his attorneys rendered ineffective assistance. The Government has not responded to the *Anders* brief or moved to enforce the appeal wavier contained in the plea agreement.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up). Before accepting a guilty plea, the district court

must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).

Because Ingram did not move to withdraw his plea or otherwise object to the plea hearing in the district court, our review is for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Under the plain error standard, we will correct an unpreserved error "only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walker*, 32 F.4th 377, 394-95 (4th Cir. 2022) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted). A reasonable probability is one that is "sufficient to undermine confidence in the outcome of the proceeding." *United States v. Lockhart*, 947 F.3d 187, 192-93 (4th Cir. 2020) (en banc) (internal quotation marks omitted). Our review of the record leads us to conclude that Ingram's guilty plea was knowing, voluntary, and supported by a sufficient factual basis, and the district court did not plainly err in accepting it. Furthermore, Ingram has not

3

established a reasonable probability that, but for the alleged error in the indictment, he would not have pleaded guilty.[1]

Ingram also argues that his guilty plea is invalid because the Government breached the plea agreement by relying on the conduct underlying dismissed charges when arguing for an appropriate sentence. "[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000). The Government breaches a plea agreement when an express or implied promise or assurance it made to induce the plea remains unfulfilled. *See United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019). We conclude that Ingram's argument on this point is not supported by the record, as the plain language of the plea agreement does not limit the Government in the way that Ingram suggests.

As to Ingram's sentence, we review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). "When evaluating a sentencing court's calculation of the advisory Guidelines range, this [c]ourt reviews the district court's factual findings, and its judgment regarding factual disputes, for clear error." *United States v. Medley*, 34 F.4th 326, 337 (4th Cir. 2022) (internal quotation marks omitted).

---

[1] By pleading guilty, Ingram waived his ability to challenge to the sufficiency of the indictment except to the extent that the alleged error affected the adequacy of his plea. *See Moussaoui*, 591 F.3d at 279.

When reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If [we] find no significant procedural error, [we] then consider the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). We look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 176 (internal quotation marks omitted). A within-Guidelines sentence is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022), *petition for cert. filed*, No. 21-8089 (U.S. June 8, 2022). A defendant can only rebut that presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Ingram's sentence is reasonable. The district court did not clearly err when calculating the applicable drug weight at sentencing, nor did it abuse its discretion in crediting Ingram's coconspirator's testimony when doing so. Moreover, the district court otherwise correctly calculated Ingram's advisory Guidelines range, thoroughly explained its reasoning for imposing the sentence in light of the 18 U.S.C. § 3553(a) factors, and addressed Ingram's arguments regarding the appropriate sentence. Finally, Ingram has failed to rebut the presumption that his within-Guidelines sentence is substantively reasonable, nor has he established that the Government engaged in misconduct at sentencing.

5

Ingram also argues that his attorneys rendered ineffective assistance before the district court and on appeal. We review de novo an ineffective assistance of counsel claim that is made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). After reviewing the record, we conclude that Ingram's claims are not cognizable on direct appeal.[2]

In reviewing the record pursuant to *Anders*, we have identified a clerical error in the written judgment, which incorrectly states that Ingram pleaded guilty to 21 U.S.C. § 841(b)(1)(C), rather than § 841(b)(1)(B). Thus, although we affirm the criminal judgment, we remand to permit the district court to correct this clerical error. *See* Fed. R. Crim. P. 36.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and remand for correction of the clerical error in the criminal judgment. This court requires that counsel inform Ingram, in writing, of the right to petition the Supreme Court of the United States for further review. If Ingram requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ingram.

---

[2] Ingram should bring these claims, if at all, in in a motion brought pursuant to 28 U.S.C. § 2255 to permit sufficient development of the record. *United States v. Jordan*, 962 F.3d 160, 163 n.1 (4th Cir. 2020).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*