**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4545**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

STACY LAMONT BERRY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:09-cr-00019-NKM-1)

_____

Submitted:  August 10, 2022               Decided:  August 17, 2022

_____

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, PC, Abingdon, Virginia, for Appellant.  Daniel P. Bubar, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stacy Lamont Berry appeals the district court's amended judgment imposing a total sentence of 280 months in prison on his jury convictions for conspiring or attempting to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951, after the district court granted his 28 U.S.C. § 2255 motion and vacated his 18 U.S.C. § 924(c)(1)(A) conviction. On appeal, Berry argues that his upward variant sentence is unreasonable. We affirm.

"We review sentences, including those outside the Guidelines range, for abuse of discretion." *United States v. McKinnie*, 21 F.4th 283, 288 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 2798 (2022). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). If we find no significant procedural error, we then consider the substantive reasonableness of the sentence imposed. *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Specifically, a district court's explanation should provide some indication [] that the court

considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212-13 (internal quotation marks omitted). To be procedurally adequate, we must "find sufficient explanation to allow this Court to conduct meaningful appellate review." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2019). "When considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh,* 951 F.3d at 176.

"Where, as here, the sentence is outside the advisory Guidelines range, we must 'consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range.'" *Nance*, 957 F.3d at 215. "That said, 'district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors,' and the fact that a 'variance sentence deviates,' even 'significantly,' from the Guidelines range 'does not alone render it presumptively unreasonable.'" *Id*. "Instead, we must 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id*. "While we must consider the extent of the variance from the sentencing range, the fact that we 'might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.'" *McKinnie*, 21 F.4th at 292. "And variant sentences are generally reasonable when 'the reasons justifying the variance are tied to § 3553(a) and are plausible.'" *Id*.

3

We have reviewed the record and Berry's arguments on appeal, and we conclude that his sentence is procedurally and substantively reasonable.  The district court properly calculated and considered his advisory Guidelines range of 188 to 235 months, conducted an individualized assessment of the facts and arguments presented, and reasonably concluded that a sentence above the advisory Guidelines range was appropriate based on its consideration of the § 3553(a) factors.  The court also adequately explained its sentence, indicating that it had considered the § 3553(a) factors and Berry's arguments for a lower sentence; and its explanation was sufficient for our meaningful review.  Based on a totality of the circumstances, the court did not abuse its discretion in concluding that an upward variance to a sentence of 280 months satisfied the standards in § 3553(a); and its reasons justifying the variance were tied to the § 3553(a) factors and were plausible.

Accordingly, we affirm the district court's amended judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*