**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-4452**

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

DESHAWN DERESE NELSON,

> Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:20-cr-00062-1)

---

Submitted:  September 20, 2022                          Decided:  November 14, 2022

---

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lorena E. Litten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshawn Derese Nelson pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court calculated Nelson's advisory sentencing range under the U.S. Sentencing Guidelines Manual (2018) at 46 to 57 months' imprisonment and sentenced Nelson to 46 months' imprisonment. On appeal, Nelson challenges his prison sentence. We affirm.

"[We] review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). We first ensure that the district court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted). "If [we] find no significant procedural error, [we] then consider the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up).

Nelson does not argue that his prison sentence is substantively unreasonable. Rather, he claims it is procedurally unreasonable because the district court failed to adequately address his nonfrivolous arguments for a downward variance that there was no rational basis for the Sentencing Guidelines' treatment of actual methamphetamine ten times more severely than a methamphetamine mixture, *see* USSG § 2D1.1 cmt. n.8(D),

2

and that doing so was unfair and led to unwarranted disparities among similarly situated defendants. Nelson claims that the district court did not sufficiently "engage" with these arguments, thereby depriving him of a sufficient explanation for the sentence it imposed.

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance,* 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Specifically, a district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered [the] defendant's nonfrivolous arguments for a lower sentence." *Id.* at 212-13 (cleaned up). "Importantly, it is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence." *Id.* at 213. "Instead, we look at the full context" of those statements when evaluating them. *Id.* "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id.*

Measured against this standard, there is no lack of procedural reasonableness on this record. The district court acknowledged Nelson's criticism of the Guidelines' differential treatment of actual methamphetamine and a mixture of methamphetamine—the main thesis and most significant point undergirding his request for a downward variance—and recognized the legitimacy of that position. The court also recounted its behavior in imposing downward variances in other sentencings based on this differential treatment,

3

albeit not to the extent Nelson requested. However, after observing that applying its typical downward variance would not change the calculation of Nelson's offense level, the district court declined to vary downward as the defense had requested, rejecting the request because a within-Guidelines prison term at the low end of that range was warranted given the serious nature of Nelson's offense conduct, his personal characteristics, and the needs for the sentence imposed to protect the public from further criminal activity by Nelson, to deter him and others, and to promote respect for the law, 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The district court "hear[d]" Nelson's arguments for a downward variance, "engage[d] with them at [the sentencing] hearing," *id.* at 213, and explained it was rejecting them because the § 3553(a) factors relevant to Nelson warranted imposition of a low-end Guidelines prison term. We thus discern no inadequate articulation of the reasons for imposing the 46-month term. *Id.* at 212, 214. Consequently, Nelson's prison term is procedurally reasonable.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*