**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4497**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRENCE BRANDON MABRY, a/k/a TJ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00485-FL-1)

_____

Submitted: June 15, 2023                    Decided: June 20, 2023

_____

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Brandon Mabry pled guilty, without a plea agreement, to conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and heroin; six counts of distribution of cocaine; eight counts of distribution of cocaine base; possession with intent to distribute cocaine and cocaine base; and possession of a firearm by a convicted felon.   The district court imposed a within-Guidelines sentence of 335 months' imprisonment.   On appeal, Mabry argues that the district court imposed a procedurally unreasonable sentence because it failed to (1) address his nonfrivolous arguments for a downward variance; (2) provide an individualized explanation for the sentence imposed; and (3) adequately consider the 18 U.S.C. § 3553(a) factors.   He also argues his sentence is substantively unreasonable because the chosen sentence is greater than necessary to achieve the sentencing goals of § 3553(a).   We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard."   *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017).   To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence.   *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).   A "district court[] need not robotically tick through § 3553(a)'s every subsection."   *United States v. Arbaugh*, 951 F.3d 167, 174 (4th Cir. 2020) (internal quotation marks omitted).   The sentencing explanation

2

need not be extensive, but it must demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Provance*, 944 F.3d at 218 (internal quotation marks omitted).

"If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Mabry argues that his sentence is procedurally unreasonable because the district court failed to address why it rejected his request for a downward variance and failed to provide an individualized explanation for the chosen sentence. However, the district court explained that Mabry's conduct was particularly egregious because he dealt drugs while in jail, which reflected his dangerousness and likelihood to recidivate. The court also discussed Mabry's leadership role, criminal history, difficult childhood, and employment history. The court adequately considered Mabry's nonfrivolous arguments and the relevant § 3553(a) factors, including his personal characteristics, criminal history, the seriousness of his offenses, the need for deterrence, and the need to protect the public. The court's explanation was sufficient to support the imposition of Mabry's within-Guidelines sentence, and Mabry does not overcome the presumption of reasonableness afforded to it.

Mabry's sentence is procedurally and substantively reasonable, and we thus discern no abuse of discretion the district court's imposition of the 335-month prison term.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*