**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 22-4722**

————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TAQUAN JONES, a/k/a Ta'quan Ty'rell Jones,

                Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:21-cr-00388-WO-1)

————————

Submitted: October 3, 2023                       Decided: November 16, 2023

————————

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

**ON BRIEF:** Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Nicole R. DuPré, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Ta'quan Jones pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2).[*]  The district court sentenced Jones to 72 months' imprisonment, an upward variance from the 37- to 46-month advisory Sentencing Guidelines range.  Jones appeals, contending that the sentence is greater than necessary to accomplish the 18 U.S.C. § 3553(a) sentencing goals.

We review criminal sentences for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard."  *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021).  When reviewing a sentence for reasonableness, we first must

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (internal quotation marks omitted).  For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  "[A] district court's explanation

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions.  The new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply here, however, because Jones committed his offense before the June 25, 2022, amendment of the statute.

should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant." *Id.* at 212-13 (cleaned up). In fashioning its sentence, the "court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up).

We have reviewed the record on appeal and conclude that the district court properly calculated Jones' advisory Guidelines range and committed no other procedural error. We therefore conclude that the sentence is procedurally reasonable.

"If the Court finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (cleaned up). To be substantively reasonable, a sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *United States v. Provance*, 944 F.3d 213, 219 (4th Cir. 2022) (internal quotation marks omitted). "However, when the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. And the farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Id.* at 219-20 (cleaned up). "That said, district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors, and the fact that a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Nance*, 957 F.3d at 215 (cleaned up). "Instead, we

3

must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted).

At sentencing, Jones argued for a sentence at the high end of the 37- to 46-month advisory Sentencing Guidelines range. Although Jones conceded that he committed the instant § 922(g) offense while serving a supervised release term for a prior § 922(g) conviction and in the course of a domestic altercation, he maintained that the circumstances of the instant offense were mitigated because he refrained from displaying or deploying the weapon even though he claimed he was the victim rather than the aggressor. The district court observed that it was difficult to determine who the aggressor was in the domestic disturbance, but viewed Jones' forbearance as diminishing the aggravating nature of possessing the gun under these circumstances. But the court found that Jones' argument did not diminish the need for deterrence, noting that Jones had previously used a firearm while committing robbery and that he had fired a gun at a female in the course of his previous § 922(g) offense, demonstrating that he was capable of violence. Additionally, the court found nothing to suggest that Jones would not deploy a gun again. Furthermore, the court observed that Jones' 57-month sentence for the earlier § 922(g) conviction had not deterred him from possessing a firearm and the fact that he committed the instant offense while on supervised release from the earlier conviction was particularly concerning to the court.

Jones also argued that his commitment to full time employment during his term of supervised release on the earlier § 922(g) conviction supported a within-Guidelines sentence. In considering Jones' history and characteristics and the nature and

4

circumstances of his offense, the court acknowledged Jones' recent work record, but also observed that Jones had continued to engage in "extraordinarily dangerous" criminal activity.

Because the facts surrounding the domestic altercation were unclear, the court did not consider the incident itself to be an aggravating factor in terms of the circumstances of the offense but explained that Jones' possession of the firearm at that particular time was an aggravating factor in terms of the need for deterrence, to promote respect for the law, and to protect the public from Jones' further crimes. In deciding to impose an upward variance sentence, the court considered the 37- to 46-month Guidelines range inadequate to deter Jones, reiterating that Jones' previous 57-month sentence had not been sufficient to deter him from illegally possessing firearms. The court also found Jones' base offense level did not reflect the seriousness of his offense, given his past use of firearms in the course of committing crimes. All of these considerations, the court explained, required a significant upward variance from the advisory Guidelines range. In light of the deference accorded a district court's determination that the § 3553(a) factors, as a whole, justify the extent of a variance, and considering the totality of the circumstances, as well as the district court's thorough analysis of the § 3553(a) factors, we conclude that the extent of the upward variance here is not substantively unreasonable. *See, e.g., United States v. Hargrove*, 701 F.3d 156, 163-65 (4th Cir. 2012) (affirming variance from 0-to-6-month Guidelines range to 60-month sentence); *United States v. Diosdado-Star*, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range

5

because sentence was based on the district court's examination of relevant § 3553(a) factors).

Accordingly, we affirm Jones' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*