**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4119**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD CRAIG FLETCHER, a/k/a Ronnie Fletcher,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00003-GMG-RWT-1)

—————————

Submitted:  May 14, 2024                         Decided:  September 26, 2024

—————————

Before RUSHING and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant. William Ihlenfeld, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Craig Fletcher appeals from his 110-month sentence imposed pursuant to his guilty plea to possession with intent to distribute eutylone. On appeal, he challenges his sentence on several bases. We affirm.

Fletcher first argues that the district court clearly erred in concluding that he was responsible for the methamphetamine recovered from Maneika Shifflett's purse during a May 25, 2021, traffic stop. Fletcher was driving the vehicle, and Shifflett was in the passenger seat. They were returning to West Virginia after having traveled to Ohio, where they both purchased controlled substances in separate transactions. Fletcher contends that he and Shifflett were not involved in joint activity on the trip to Ohio and instead conducted their drug business separately. He asserts that he was unaware of the methamphetamine recovered from Shifflett's purse.

"We review a district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted). Under this standard, reversal is not warranted unless we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "[I]n order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement *and* must have been reasonably foreseeable to the defendant." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015) (internal quotation marks omitted). Only acts of others that fall within "the scope of the criminal

2

activity the *particular* defendant agreed to jointly undertake" may be attributable under U.S. Sentencing Guidelines Manual § 1B1.3. *United States v. Evans,* 90 F.4th 257, 262-63 (4th Cir. 2024) (internal quotation marks omitted) (noting that particularized findings must be made in this regard).

We find that the district court's conclusions were not clearly erroneous. Four days prior to the traffic stop, Shifflett and Fletcher distributed methamphetamine together. The fact that they were working together on that particular day is undisputed. Moreover, it is undisputed that Shifflett and Fletcher each actively distributed methamphetamine, that they drove to Ohio together, and that they each purchased drugs there for resale. They then drove back to West Virginia with the drugs and an unsecured firearm in the car. Shifflett told the officer that all the methamphetamine in the car belonged to Fletcher. Moreover, after Fletcher was incarcerated, he wrote to Shifflett advising her to obtain and sell drugs on his behalf with his tax return funds. Given Fletcher and Shifflett's joint drug activities both before and after the traffic stop and the fact that both were found in a car with a distributable amount of drugs and a firearm, we conclude that the court did not commit reversible error in determining drug quantity. *See Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (noting that this court may find clear error only if the court's findings were "not supported by substantial evidence in the record" (internal quotation marks omitted)).

Fletcher next argues that there was insufficient evidence to support the district court's application of the two-level enhancement for possession of a deadly weapon under USSG § 2D1.1(b)(1). Specifically, he asserts that he was not aware that the firearm was

3

in the car and, in any event, it belonged to Shifflett and he was not in possession of it.  The Guidelines authorize a two-level increase in a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed."  USSG § 2D1.1(b)(1).  "The government bears the initial burden of proving, by a preponderance of the evidence, that the weapon was possessed in connection with the relevant illegal drug activity."  *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017).  This requires it to "prove only that the weapon was present, which it may do by establishing a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant."  *Id.* (internal quotation marks omitted).  Once the Government carries this burden, the "court presumes that the weapon was possessed in connection with the relevant drug activity and applies the enhancement, unless the defendant rebuts the presumption by showing that such a connection was clearly improbable."  *Id.* (internal quotation marks omitted).

Fletcher has not established that the district court clearly erred in finding that he possessed the firearm in connection to his drug trafficking.  The firearm was found in plain view in the vehicle that Fletcher was driving, near various drugs that had recently been purchased to distribute.  Although the firearm was found on the floor of the passenger seat and Shifflett admitted that the firearm belonged to her, the evidence strongly suggested that Fletcher was aware of its presence and possessed it.  Fletcher had recently been in the passenger seat, and his shoes were found on the floorboard of the vehicle close to the firearm.  In addition, Shifflett told the officer that Fletcher used the firearm for protection.  These facts are more than sufficient to establish a "temporal and spatial relation linking the

4

weapon, the drug trafficking activity," and Fletcher. *Id.* at 231 (internal quotation marks omitted).

Further, the absence of evidence that Fletcher carried the firearm during drug transactions does not establish that the gun was unconnected to his drug trafficking, or that the connection was clearly improbable. A defendant need not carry the firearm with him for the weapons possession enhancement to apply. *Id.* (noting that "precisely concurrent acts" are not required). An inference that Fletcher possessed the firearm in relation to drug trafficking was more than plausible here given that Fletcher was transporting a large quantity of drugs across state lines in order to distribute them while in possession of the firearm. Accordingly, there was no error in the application of the firearm enhancement.

Finally, Fletcher alleges that the court failed to sufficiently address his 20-year history of addiction when denying his motion for a downward variance. "When rendering a sentence, the district court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Mitchell*, 78 F.4th 661, 667 (4th Cir. 2023) (internal quotation marks omitted). In addition, the court must "explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "[A] district court's explanation should provide some indication that the court considered the § 3553(a) factors" and "considered [the] defendant's nonfrivolous arguments for a lower sentence." *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (cleaned up). However, "in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate

5

or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted).

Here, the district court adequately explained the rationale for the sentence and meaningfully considered and addressed Fletcher's addiction argument. In the district court, Fletcher argued that his addiction was a mitigating circumstance because it constituted a chronic brain disease that impaired his decision-making skills and mental capacity. However, Fletcher made this argument in a very conclusory way without discussing details of his addiction or how his addiction personally affected his criminal culpability.

Nonetheless, the court recognized Fletcher's long history of drug use and abuse. While the court did not specifically state why it rejected Fletcher's argument that his addiction was serious enough to support a downward variance sentence, the court explained that it relied on Fletcher's serious relevant conduct, his crossing of state lines to purchase drugs, his extensive criminal history, and his violations of prior probation. Despite these factors, the court imposed a sentence at the low end of the Guidelines range. In addition, the court recommended extensive drug abuse treatment. Given Fletcher's Guidelines sentence and the conclusory nature of his mitigating arguments, we find that the court properly, albeit briefly, considered his arguments for a lower sentence.

To the extent Fletcher also challenges the substantive reasonableness of his sentence, we "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3353(a)." *Arbaugh*, 951 F.3d at 176 (brackets and internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is

6

presumptively [substantively] reasonable.  Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Fletcher's sentence—which is within the Guidelines range—is presumptively substantively reasonable.  Fletcher has not rebutted the presumption of reasonableness.  On appeal, Fletcher does not address the factors cited by the district court as supporting the imposed sentence.  The district court reasonably determined that a within-Guidelines-range sentence was appropriate given the relevant drug weight, the seriousness of the offense conduct, the extent of Fletcher's criminal history, and his prior violations of supervision.  Based on the factors identified by the district court, therefore, we find that Fletcher's sentence is substantively reasonable.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*